AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Carlos SILVAGNOLI,<br><br>Defendant. | )<br>)<br>) Case No. 5:19-MJ-191 (TWD)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of March 25, 2019, in the county of Herkimer in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) | Possession with the intent to distribute 100 grams or more of mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance |

This criminal complaint is based on these facts:
Click here to enter text.

☒  Continued on the attached sheet.

_____
Complainant's signature
Special Agent Anthony Hart, DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: March 26, 2019

_____
Judge's signature

City and State:   Syracuse, New York

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

*AFFIDAVIT IN SUPPORT OF*
*A CRIMINAL COMPLAINT*

A.   **Background**

I, Anthony Hart, having been duly sworn, do hereby state and depose as follows:

1.   I am a Special Agent employed by the United States Department of Justice, Drug Enforcement Administration ("DEA"), and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 United States Code, Section 801, et. sec., and Title 18, United States Code, Section 2516. I have been a DEA Special Agent since November, 1999. I am currently assigned to the DEA Syracuse Resident Office, Syracuse, New York. I have participated in numerous successful investigations into illicit drug distribution networks and have interrogated numerous defendants, informants and others who were sellers, distributors, or users of narcotics and other illicit drugs. Also, I have been involved in the monitoring, intercepting and recording of court-ordered wiretaps, and have participated in numerous search warrants/arrest warrants involving narcotics trafficking. In addition to my above-mentioned experience, I have had the opportunity to speak with and observe other federal and state narcotics officers with regard to the manner in which narcotics are possessed, sold and distributed in the Northern District of New York area. I have participated in numerous searches of residences, businesses and vehicles in which controlled substances, drug paraphernalia,

currency and records were discovered. My experience as well as conversations with other law enforcement officers, as detailed herein, will serve as the basis for any opinions or conclusions set forth below. I have personally participated in the investigation of the offenses set forth below and as a result of my participation and my review of past and present reports made by other Special Agents of the DEA, and other state and local law enforcement agencies, I am familiar with the facts and circumstances of this investigation.

### B. Purpose of Affidavit

2. This affidavit is submitted in support of a criminal complaint charging Carlos SILVAGNOLI with a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), possession with the intent to distribute one hundred (100) grams or more of heroin, a Schedule I controlled substance. I have reviewed reports and discussed with other investigators participating in this investigation and determined their information to be reliable, I allege the facts set forth in this affidavit show there is probable cause to believe Carlos SILVAGNOLI possessed with the intent to distribute one hundred (100) grams or more of heroin.

### C. Basis of Information

3. As a result of my personal participation in this investigation, I am familiar with all aspects of this investigation. I have not included each and every fact known to me concerning the investigation. I have set forth only the facts that I believe are necessary to establish the necessary foundation for the criminal complaint.

### D. Status of the Case

4. On March 25, 2019, at approximately 9:08 PM, NYSP Trooper Daniel Snyder observed a black 2013 Honda Accord, NY registration JFF-3050, traveling westbound on Interstate 90 in the Town of Danube, NY Trooper Snyder observed the vehicle had an

inoperable license plate lamp (a violation of the NYS Vehicle and Traffic Law); he subsequently conducted a vehicle and traffic stop of the Honda Accord at the vicinity of mile marker 209.6.

5. Upon contact with the female driver of the vehicle, it was determined that she was operating the motor vehicle with a suspended New York State driver's license. During interaction with the driver, she stated she was familiar with the male passenger by his first name only and admitted they had travelled to New York City that day in order to empty out a storage unit. Records checks for the passenger, later identified as Carlos N. SILVAGNOLI, also confirmed he had a suspended license and could not lawfully operate a motor vehicle in the State of New York.

6. Given that both occupants of the vehicle had suspended licenses, Troopers contacted a tow truck to impound the vehicle. Pursuant to an inventory search of the car, Troopers located approximately 310 grams of tan/brownish colored powder wrapped in green cellophane type wrap, which was inside of a cardboard box that was inside a white plastic bag.[1] The bag containing the tan/brownish powder (later determined to be heroin) was located on the floorboard of the passenger side of the vehicle near where SILVAGNOLI was sitting. Also located in the same box were ten (10) "bricks[2]" of suspected heroin (500 individual glassine envelopes) which were wrapped in magazine paper.

7. SILVAGNOLI and the female driver were subsequently detained and transported to the New York State Police barracks located in Schuyler, NY. Following a waiver of their

---

[1] A field test was subsequently conducted of the brown and tan powder by NYSP Investigator Chinikailo. The field test was positive for the presence of heroin.

[2] A "brick" consists of five (5) "bundles" of heroin with each bundle containing ten (10) individual glassine envelopes of heroin.

*Miranda* rights, both the female driver and SILVAGNOLI provided written statements to investigators.



4

███████████████████████████████

### E. CONCLUSION

12. Based upon the information detailed above and my experience as a Special Agent with the Drug Enforcement Administration, there is probable cause to believe that Carlos SILVAGNOLI violated Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), possession with the intent to distribute one hundred (100) grams or more of heroin, a Schedule I controlled substance.

                                                        ANTHONY R. HART, Jr.
                                                        Special Agent
                                                        Drug Enforcement Administration

Subscribed and sworn to before
me this on this 26th day of March,
2019, at Syracuse, New York

Honorable Thérèse Wiley Dancks
United States Magistrate Judge